IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| YOSLAYS GARCIA-TORRES, #2201194 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv021 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Yoslays Garcia-Torres, a prisoner confined at the Ellis Unit within the Texas Department of Criminal Justice proceeding *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Smith County conviction and sentence. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the court **RECOMMENDS** that Petitioner Garcia-Torres's habeas petition be **DENIED** and the case be **DISMISSED**, with prejudice, as time-barred. The court further **RECOMMENDS** that Garcia-Torres be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

On May 2, 2018, and after a jury trial, petitioner Garcia-Torres was sentenced to 30 years imprisonment for the first-degree felony of Engaging in Organized Criminal Activity, pursuant to section 71.02(a) of the Texas Penal Code. (Doc. No. 16–5, at 91–92.) Garcia-Torres filed a direct appeal solely on the ground that the trial court judgment contained an incorrect amount of court costs. (Doc. No. 16-1.) The Court of Appeals reformed the court cost amount and affirmed the trial court's judgment as modified on February 6, 2019. *Id.* at 2.

1

Garcia-Torres filed a state habeas application on August 6, 2019. (Doc. No. 16-16, at 18–35.) The Texas Court of Criminal Appeals dismissed the application, as noncompliant with Texas Rule of Appellate Procedure 73.1 on September 25, 2019. (Doc. No. 16-3.) He filed this federal habeas petition on January 7, 2021. (Doc. No. 1.)

## II. Garcia-Torres's Federal Habeas Claims

In his petition, Garcia-Torres raises claims stating that he received an excessive sentence and that his counsel was ineffective when he only appealed a court costs issue and did not appeal what Petitioner believed to be an excessive sentence. (Doc. No. 1.)

## III. Respondent's Answer

After being ordered to do so, Respondent filed an answer addressing Garcia-Torres's petition. Respondent argues that his entire petition is time-barred through the AEDPA, and that Garcia-Torres's claims are unexhausted and procedurally barred. (Doc. No.15, at 5–12.) Respondent states that Garcia-Torres's conviction became final on March 8, 2019—thereby rendering this January 7, 2021, federal petition untimely. *Id*. at 6–8.

## IV. Garcia-Torres' Replies

In his reply, Garcia-Torres concedes that his claims are both time-barred as well as unexhausted and procedurally barred. (Doc. No. 19, at 2.) However, he states that he is entitled to redress through actual innocence jurisprudence. *Id*. He further claims that his sentence was unlawfully enhanced because there was no evidence that he committed the offense against an elderly individual. *Id*. at 3.

## V. Standard of Review

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a

federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a

3

presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**VI. Discussion and Analysis**

    **a.) Statute of Limitations**

As Respondent highlights, Garcia-Torres's entire petition is untimely as barred by the statute of limitations. An inmate must file a section 2254 motion within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States if removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 imposes a general one-year statute of limitations.

Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals). If a habeas petitioner has pursued direct relief through a state's highest court—which, here, would be the Texas Court of Criminal Appeals through a petition for discretionary review—then his conviction becomes final when the ninety-day time period for which to file a timely petition for a writ of certiorari expires with the Unites States Supreme Court. *See Foreman v. Dretke*, 393 F.3d 336, 338 (5th Cir. 2004). However, "[i]f the defendant stops the appeal process before that point, the

conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts*, 319 F.3d at 694.

Moreover, the time period for filing a timely petition is tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.").

Here, Garcia-Torres was convicted and sentenced on May 2, 2018. (Doc. No. 16-5, at 91–92.) Petitioner appealed on the issue of court costs to the Twelfth Court of Appeals District of Texas. (Doc. No. 16-1.) The Twelfth Court of Appeals corrected the court costs and affirmed his conviction on February 6, 2019. *Id.* at 2. He did not seek further review by filing a petition for discretionary review. Therefore, his conviction became final in March 2019, when the time for filing a petition for discretionary review expired. *See Roberts*, 319 F.3d at 694 (finding that the one-year limitations period began to run after the 30-day period for filing a petition for discretionary review ended.) Thus, petitioner's federal petition was due no later than March 2020—absent any tolling.

Petitioner filed a state habeas application on August 6, 2019. (Doc. No. 16-16, at 18–35.) The Texas Court of Criminal Appeals dismissed the application, as noncompliant with Texas Rule of Appellate Procedure 73.1 on September 25, 2019. (Doc. No. 16-3.) It is well-settled that, in order to toll the federal limitations period, the state habeas application must be "properly filed." *See* 28 U.S.C. §2244(d)(2); *see also Davis v. Quarterman*, 342 F. App'x 952, 954 (5th Cir. 2009) (unpublished). Accordingly, while filed before his federal limitations period expired in March

5

2020, petitioner's state habeas application did not toll his federal limitations period because it was not properly filed. Thus, Garcia-Torres' January 7, 2021, federal habeas petition is time-barred.

Further, the court determines that Petitioner is not entitled to equitable tolling. Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Furthermore, the doctrine of equitable tolling is available in only the most rare and exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

Garcia-Torres states that he did not file his petition within the one-year statute of limitations due to his lack of language and lack of knowledge of the law. (Doc. No. 1, at 9.) However, lack of legal knowledge is not a sufficient ground for equitable tolling. *See Flores*, 467 F.3d at 486. "Likewise, the inability to read and speak English is not in itself a sufficient basis for equitably tolling." *Zinsou v. Dretke*, No. 4:04-CV-556-A, 2004 WL 2381243, at *1 (N.D. Tex. Oct. 22, 2004).

    **b.) Actual Innocence**

Garcia-Torres concedes that his claims are time barred. (Doc. No. 19, at 2.) However, Petitioner asserts that he can still obtain relief under actual innocence jurisprudence, because his sentence was unlawfully enhanced. *Id*. at 2–4. Specifically, Petitioner asserts that there was no evidence that he committed an offense against an elderly individual or used the information of an elderly individual. *Id*. at 3.

A claim of actual innocence is not a freestanding constitutional claim but, rather, "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Sclup v. Delo*, 513 U.S. 298, 315 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)); *Rocha v. Thaler*, 626 F.3d 815, 824 (5th Cir. 2010); see also *Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir. 2013) (unpublished) ("The Supreme Court has not recognized actual innocence as an independent ground for federal habeas corpus relief.").

The Supreme Court has explained that the burden of demonstrating actual innocence is extraordinary:

> To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. The petitioner this is required to make a stronger shower than needed to establish prejudice. At the same time, the showing of 'more likely than not' imposes a lower burden of proof than the 'clear and convincing' standard required under *Sawyer*. The *Carrier* standard thus ensures that petitioner's case is truly 'extraordinary.'

*Schlup*, 513 U.S. at 327. In *House v. Bell*, 547 U.S. 518, 537 (2006), the Supreme Court further highlighted the actual innocence standard under *Schlup*. Specifically, the Court explained that an actual innocence claim, to be credible, requires "new reliable evidence," such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. *House*, 547 U.S. at 537. Garcia-Torres did not submit any new evidence that his sentence was unlawfully enhanced. Any claim that his sentence was unlawfully enhanced could have been raised earlier with the exercise of due diligence. Accordingly, Garcia-Torres has not shown that he is actually innocent, and his section 2254 motion is time-barred.

**VII. Certificate of Appealability**

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA")

from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012)).

Here, Garcia-Torres failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the above-styled petition for a writ of habeas corpus be denied and that the case be **DISMISSED**, with prejudice, as time-barred. It is further **RECOMMENDED** that Petitioner Garcia-Torres be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 14th day of November, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE