# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| YOSLAYS GARCIA-TORRES, §<br>#2201194, §<br> §<br>    Petitioner, §<br> §<br>v. §<br> §<br>DIRECTOR, TDCJ-CID, §<br> §<br>    Respondent. § | Case No. 6:21-cv-21-JDK-JDL |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Yoslays Garcia-Torres, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for disposition.

On November 14, 2022, Judge Love issued a Report and Recommendation recommending that the Court deny the petition and dismiss the case with prejudice. Judge Love also recommended that a certificate of appealability be denied. Docket No. 22. Petitioner timely objected. Docket No. 24.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en*

1

*banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Objections that simply rehash or mirror the underlying claims addressed in the Report are not sufficient to entitle the party to de novo review. *See U.S. v. Morales*, 947 F. Supp.2d 166, 171 (D.P.R. 2013) ("Even though timely objections to a report and recommendation entitle the objecting party to *de novo* review of the findings, 'the district court should be spared the chore of traversing ground already plowed by the Magistrate.'") (internal citations omitted); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Here, on objection, Petitioner maintains that he is "actually innocent" because there is "no evidence which shows he committed an [offense] against an elderly individual," thereby rendering his sentence enhancement illegal. Docket No. 24 at 2. Petitioner raised this claim in his habeas petition, and Judge Love addressed it in his Report. As explained, Petitioner's habeas petition is untimely—and any claim about an "unlawful enhancement" could have been raised earlier with the exercise of due diligence.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore

**OVERRULES** Petitioner's objections (Docket No. 24) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 22) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **12th** day of **December, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE